UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| CARMEN BROWN, | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO.: 2:22-CV-300-JVB-JPK |
| | ) | |
| FAMILY DOLLAR, | ) | |
|     Defendant. | ) | |

## OPINION AND ORDER

Plaintiff Carmen Brown, who is litigating without a lawyer, filed an Amended Complaint [DE 4] against Defendant Family Dollar. For the following reasons, the Court dismisses the Amended Complaint with prejudice.

Brown initiated this cause of action on October 14, 2022 by filing a Complaint in which she alleged discrimination during the course of her employment with Family Dollar. A motion for leave to proceed *in forma pauperis* followed on October 21, 2022. On October 24, 2022, the Court directed Brown to refile her complaint, this time using the Court's Employment Discrimination Complaint form. Brown did so on October 31, 2022.

A filing by an unrepresented party "is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, pursuant to 28 U.S.C. § 1915(e)(2)(B), "the court shall dismiss the case at any time if the court determines that . . . (B) the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."

The standard for dismissing a complaint under § 1915(e)(2)(B)(ii) is the same standard as that for dismissing a complaint under Federal Rule of Civil Procedure 12(b)(6). *See Coleman v. Lab. & Indus. Rev. Comm'n of Wis.*, 860 F.3d 461, 468 (7th Cir. 2017). The purpose of a motion to dismiss pursuant to Rule 12(b)(6) for failure to state a claim is to test the sufficiency of the pleading, not to decide the merits of the case. *See Gibson v. City of Chi.*, 910 F.2d 1510, 1520 (7th Cir. 1990).

Brown indicates in her Amended Complaint that her lawsuit is brought solely under Title VII of the Civil Rights Act of 1964, which matches allegations she has made regarding racial discrimination in her employer's treatment of her. *See* (Am. Compl. ¶ 4, ECF No 4). Brown also indicates that she has not filed a charge of discrimination with the Equal Employment Opportunity Commission or the Indiana Civil Rights Commission and has not received a Notice of Right to Sue letter. *Id.* at ¶¶ 5-7.

A litigant must receive a right-to-sue notice before she is able to bring a Title VII claim in federal court. *Conner v. Ill. Dept. Nat. Resources*, 413 F.3d 675, 680 (7th Cir. 2005). Because Brown has alleged that she has not received that notice (or even filed a charge of discrimination), the Court must dismiss her complaint. Though the Court often grants opportunities to amend complaints to cure deficiencies before dismissing a case, it will not do so here, where Brown has already filed one amended complaint and another opportunity would be futile, as she has not yet engaged in the EEOC process.

Therefore, the Court hereby **DISMISSES without prejudice** the Amended Complaint.

SO ORDERED on November 2, 2022.

s/ Joseph S. Van Bokkelen  
JOSEPH S. VAN BOKKELEN, JUDGE  
UNITED STATES DISTRICT COURT